## Hauptfuhrer Trust

*High, Swartz, Childs & Roberts,* for petitioner.

*Julian W. Barnard,* for respondent.

*Julian W. Barnard,* p. p., guardian ad litem.

VAN RODEN, P. J., July 27, 1954.—This is a petition requesting the court to reform a deed of trust executed by settlor under date of June 30, 1941. The deed of trust was executed in connection with a property settlement agreement between settlor and his wife, and provided for 1,600 shares of stock of National Dairy Products Corporation to be placed in trust for the purpose of guaranteeing an annual payment of $1,000 to the wife until her death or remarriage, and for the further purpose of accumulating and adding to principal any excess income, and upon the death or remarriage of the wife, the trust is to continue for the benefit of settlor's minor son until he shall arrive at the age of 21 years; at which time he is to receive the entire principal and accumulated income, absolutely and unconditionally (providing his mother is then deceased or remarried as aforesaid).

The basic property settlement or separation agreement further provided that the father should pay to the mother $5 per week toward the maintenance and support of the child, and the father further agreed "to assume the educational costs of said minor child as and when they accrue, it being distinctly understood that by educational costs is meant and contemplated reasonable and proper and customary educational costs including tuition and board at any private school, college or university which he may hereafter attend".

At the time the trust was created, the 1,600 shares of capital stock of the National Dairy Products Corporation had a value of $25,200 and produced an annual income of $1,280. Since the inception of the trust, the stock has greatly increased in value, having a present market value of $114,200, with present income of approximately $4,800 per annum. The unexpended

income (i.e., the excess over the $1,000 annual payments to the mother) now amounts to approximately $21,000, which has been reinvested and currently yields additional income slightly in excess of $1,000 per year. In other words, the trustee now has on hand principal and unexpended income totaling $139,375.30, with gross annual income of $5,871.20 on the basis of current dividend payments.

The prayer of the petition is that the deed of trust be modified and reformed so that the trustee may be authorized and empowered to use the income accrued hereafter each year, over and above the $1,000 to be paid to Josephine Hauptfuhrer, as settlor may direct, for the education and support of his minor son, who is now 17 years of age. Thus, in effect, settlor seeks to have the assets of the trust pay for the education and support of his minor son, thereby relieving him of his contractual obligation to support and educate the minor son.

Although there has been a very appreciable change in circumstances with respect to the value of the principal assets of the trust and the annual net income derived therefrom, the court is unable to find any change in the fundamental purpose of the trust. The trust was expressly created for the purpose of paying the sum of $1,000 per annum unto Josephine Hauptfuhrer (who was then settlor's wife), with balance of unexpended principal and accrued income to be paid over to their son upon her death or remarriage. It is nowhere stated in the trust instrument that either the principal or income or any portion thereof was to be used for the support or education of the minor son. Inasmuch as the separate property settlement agreement provided for the support and education of the son, it is inconceivable that such purposes were inadvertently omitted from the trust instrument.

Furthermore, it appears that settlor is presently a person of considerable wealth and that it will cause

him no undue financial hardship to continue to provide for his son's education and support in accordance with the property settlement agreement. To grant the present petition would in effect transfer the liability for the son's support and education from the father to the son himself, since the son is the vested remainderman of the trust estate. We cannot in good conscience permit such result, in the absence of any showing of necessity and in the further absence of any showing the presently proposed use of the trust assets was within the contemplation of the parties at the time of the inception of the trust. The petition must therefore be dismissed.

Accordingly, the court enters the following

### Decree

1. The petition of Albert Frederick Hauptfuhrer to modify or reform his voluntary deed of trust dated June 30, 1941, is hereby denied and dismissed.

2. The parties to this proceeding shall bear their respective costs.